UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| NATHAN SHAIN FORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:17 CV 71 CDP |
| ) | |
| ASSOCIATED ELECTRIC ) | |
| COOPERATIVE, INC., et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER OF REMAND

Plaintiff Nathan Shain Ford filed this action in a Missouri state court against five defendants, namely IBEW Local #53, Associated Electric Cooperative, Inc., Lynn Farnen, Stephen Iwanowicz, and Bobby D. Rhoads. Defendant IBEW removed the action to this Court on October 18, 2017, invoking this Court's federal question jurisdiction. IBEW avers that, while couched in terms of state law claims, Ford's claims against it actually arise under the National Labor Relations Act and the Labor-Management Relations Act, thereby providing federal subject-matter jurisdiction over the claims. None of the other defendants joined in or consented to removal, and they now move to remand the case to state court. Because there is no unanimity among the defendants to have this case heard in the federal forum, I will grant the motion to remand.

**Background**

Ford filed this action in the Circuit Court of Randolph County, Missouri, on August 28, 2017. Service was effected on defendant Rhoads on September 5, but the sheriff's return of service was not filed in the state-court file. Service was effected on IBEW on September 20 and the return of service was filed September 25. Nothing in the record shows that formal service of process was effected on either Associated Electric, Farnan, or Iwanowicz, but a letter from their counsel to Ford's counsel dated October 3 confirmed that these defendants, as well as defendant Rhoads, would respond to the state-court petition no later than October 29.

Defendant IBEW filed its Notice of Removal on October 18, 2017. The Notice does not identify any other defendant nor indicate that any other defendant consented to the removal of the action to federal court.

Less than one week later, on October 24, defendants Associated Electric, Farnen, Iwanowicz, and Rhoads entered their appearance in the case and filed this motion to remand, arguing that IBEW's removal of the action was procedurally deficient given IBEW's failure to obtain their consent as required under 28 U.S.C. § 1446(b)(2)(A). They also affirmatively state that they do not consent to IBEW's Notice of Removal. In response, IBEW contends that it could not have known that any other defendant had been served because no return of service or other proof of

service was filed at the time it filed its Notice. IBEW also contends that, regardless, none of the other defendants had been properly served when it filed its Notice, and that it therefore was not required to obtain their consent. IBEW does not respond to the other defendants' affirmative representation to the Court that they do not consent to removal.

## Discussion

All defendants in a suit who have been properly joined and served must consent to removal. 28 U.S.C. § 1446(b)(2)(A). This "unanimity requirement" serves important interests by "prevent[ing] duplicative litigation and bar[ring] one defendant from imposing his forum of choice on co-defendants." *Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 933 (8th Cir. 2012). The failure of one defendant to consent renders the removal defective. *Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1062 (8th Cir. 2008).

It is well-recognized that obtaining the consent of an unserved defendant is not required to effectuate removal to federal court. *Roberts v. Palmer*, 354 F. Supp. 2d 1041, 1044 (E.D. Mo. 2005). Upon being served, however, a previously unserved defendant has thirty days to unambiguously communicate to the court that it joins in or consents to removal. *Amteco, Inc. v. BWAY Corp.*, 241 F. Supp. 2d 1028, 1030, 1032 (E.D. Mo. 2003). It may also exercise its right to choose the state forum by filing a motion to remand. 28 U.S.C. § 1448. By moving to

remand once it appears in the case, an unserved defendant "retains the right to veto the removal[.]" *Sorell v. Garrison Prop. & Cas.. Ins. Co.*, No. 15-00845-CV-W-HFS, 2016 WL 9137638, at *2 (W.D. Mo. Mar. 17, 2016) (internal citations and quotation marks omitted). Since a defendant's motion to remand signals that there is no unanimity among the defendants to the federal forum, the case should be remanded. *Id.*

Here, IBEW argues that it was not required to obtain the consent of any other defendant when it removed the case to this Court because 1) it was unaware that any other defendant had been served, since no proof of service had been filed; and 2) any purported service was improper. Both arguments fail.

Removal statutes must be strictly construed, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941), and any doubt about the propriety of removal must be resolved in favor of remand. *Pender v. Bell Asbestos Mines, Ltd.*, 145 F. Supp. 2d 1107, 1110 (E.D. Mo. 2001). When a civil action is removed to federal court, 28 U.S.C. § 1446(b)(2)(A) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." I am not aware of any authority – and IBEW cites to none – that establishes that a removing party's lack of knowledge of service upon a defendant excuses the statutory requirement of consent. Nevertheless, regardless of this lack of knowledge, the other defendants have timely and unambiguously communicated to

this Court that they do not consent to the removal of this action. Because there is no unanimity among the defendants to this federal forum, I must remand the case to state court.

To the extent IBEW also argues that none of the other defendants had been properly served at the time of removal, any reliance on this position is moot.[1] The remaining defendants entered their appearance in this action upon removal and immediately moved to remand. While 28 U.S.C. § 1448 provides that any defendant "upon whom process is served after removal" has the right to move to remand the case, formal service of process is not required if he has already generally appeared in the action. *See Creighton v. Kerr*, 87 U.S. 8, 12 (1873) ("A general appearance waives all question of the service of process."); *Pollard v. Dwight*, 8 U.S. 421, 428-29 (1808) (Defendants who appear in an action "place[] themselves precisely in the situation in which they would have stood, had process been served upon them[.]"); *Knox v. Summers*, 7 U.S. 496, 497 (1806). Thus, an unserved defendant retains the right to veto the removal by moving to remand once it makes an appearance in the case. *Sorell*, 2016 WL 9137638, at *2 (W.D. Mo. Mar. 17, 2016). Accordingly, whether or not service upon these defendants was proper in the state forum, the question is moot given their appearance in this Court

---

[1] IBEW appears to base its argument of improper service only upon the fact that no proof of service was ever filed in state court. Service of process, however, is not rendered invalid by a defect in the return or in the timing of its filing. *Christianson v. Goucher*, 414 S.W.3d 584, 589-90 (Mo. Ct. App. 2013).

upon removal.

Accordingly, although IBEW claims that it was not required to obtain the consent of the other named defendants prior to removal because of the lack of service and/or improper service, there is no dispute that these defendants entered an appearance in the case immediately upon removal, whereupon they sought remand and affirmatively represented to the Court that they do not consent to removal. Given the lack of unanimity among the defendants, and the caveat that I must resolve all doubts in favor of remand, I will remand this matter to state court.

Therefore,

**IT IS HEREBY ORDERED** that defendants Associated Electric Cooperative, Inc., Lynn Farnen, Stephen Iwanowicz, and Bobby D. Rhoads' Joint Motion to Remand [9] is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is remanded to the Circuit Court of Randolph County, Missouri, from which it was removed.

**IT IS FURTHER ORDERED** that all pending motions are denied as moot and without prejudice to be refiled in the proper forum.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 30th day of November, 2017.